Gene **MILLER**, Plaintiff,

v.

Raymond J. **DONOVAN**, Secretary of Labor, United States Department of Labor, Defendant.

**Court No. 81-2-00121.**

United States Court of International Trade.

July 27, 1983.

Gene Miller, pro se.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, Commercial Litigation Branch, New York City (Sheila N. Ziff, New York City, on brief), for defendant.

RE, Chief Judge:

Plaintiff challenges the Secretary of Labor's determination denying certification of eligibility for trade adjustment assistance benefits to plaintiff and other former employees of an automobile dealership, Star Lincoln-Mercury Incorporated, Southfield, Michigan. The Secretary determined that the employees at Star Lincoln-Mercury failed to satisfy the third eligibility criterion of section 222 of the Trade Act of 1974, 19 U.S.C. § 2272 (1976). Specifically, the Secretary found that plaintiff and his fellow employees were service workers employed by a firm that did not "produce" an article adversely affected by increased imports.

Section 222 provides, in pertinent part:

The Secretary of Labor shall certify a group of workers as eligible to apply for adjustment assistance * * * if he determines—

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with *articles produced* by such workers' firm or an appropriate subdivision thereof contributed importantly to such total

or partial separation, or threat thereof, and to such decline in sales or production. [Emphasis added.]

\* \* \* \* \* \*

On July 15, July 25 and September 2, 1980, separate groups of employees from Star Lincoln-Mercury filed petitions with the Department of Labor's Office of Trade Adjustment Assistance (OTAA) seeking certification of eligibility for worker adjustment assistance benefits. OTAA returned each petition stating that the employees performed services and, therefore, were ineligible for benefits under the Trade Act of 1974. Thereafter, the employees sought administrative reconsideration alleging that Star Lincoln-Mercury was owned and controlled by Ford Motor Company.

Based on this allegation, OTAA accepted the petitions, TA–W–11,067, and commenced an investigation. OTAA published a notice to that effect in accordance with section 221(a) of the Trade Act of 1974, 19 U.S.C. § 2271(a) (1980) and 29 C.F.R. § 90.12 (1980). 45 Fed.Reg. 65704, 65705 (1980). The investigation disclosed that Star Lincoln-Mercury (the firm) was an independently owned and operated franchised automobile dealership. The firm conducted its business with a single supplier, Ford Motor Company, under the terms of a sales and service agreement. Neither Ford nor Star Lincoln-Mercury had a controlling interest in the other. Mr. Stanley Wilk, the firm's president, described the nature of the work performed by the employees as being the sale and servicing of Lincoln-Mercury cars and trucks.

Based on its investigation, OTAA found that the firm was engaged exclusively in providing a service, and that it performed no production operations. The Secretary thus determined that, under his interpretation of section 222 of the Act, the firm's employees were ineligible for worker adjustment assistance benefits. 45 Fed.Reg. 79950, 79951 (1980).

Subsequently, on January 20, 1981, plaintiff commenced this action seeking judicial review of the Secretary's final determination pursuant to section 284(a) of the Trade Act of 1974, 19 U.S.C. § 2395(a) (Supp. IV 1980). Plaintiff proffers two reasons for reversal of the Secretary's negative determination. He first maintains that the Secretary wrongly interpreted the term "produced" in section 222(3) to apply only to workers who manufacture an import-impacted article. Plaintiff's second contention is that, as a practical matter, the Secretary's statutory interpretation has resulted in dissimilar treatment of similarly situated workers. Specifically, plaintiff asserts that the employees of Star Lincoln-Mercury were denied certification, while those at another new car agency, Patmon Oldsmobile, received certification.

Upon reviewing the administrative record herein, the court finds the Secretary's denial of certification supported by substantial evidence and in accordance with law.

The two issues raised by plaintiff were examined and discussed in this court's opinion in *Woodrum v. Donovan*, 564 F.Supp. 826, 5 CIT —— (1983). There, the court affirmed the Secretary's determination that employees of independently owned automobile dealerships were ineligible for trade adjustment assistance benefits inasmuch as they were service workers who did not produce an import-impacted article.

On the question of the breadth of the term "produced," *Woodrum* held that "production under section 222(3) requires the manufacture or creation of something tangible." At 831. Ultimately, the test for workers seeking certification is whether they transformed articles on which they devoted their labors into something new and different. *Ibid.; Pemberton v. Marshall*, 639 F.2d 798 (D.C.Cir.1981).

As in *Woodrum* and *Pemberton*, plaintiff performed work on tangible articles, namely Lincoln-Mercury cars and trucks. Their work, however, consisted solely of selling and servicing completed articles. Plaintiff has failed to sustain his contention that the firm "produced" an import-impacted article. The record is devoid of any evidence showing that plaintiff or any other employee of Star Lincoln-Mercu-

ry transformed cars and trucks into new end products.

■ Plaintiff also asserts he is entitled to relief based on the Secretary's determination certifying the employees of Patmon Oldsmobile Inc., TA–W–7269. 45 Fed.Reg. 51963, 51966 (1980). Plaintiff maintains that the Secretary's interpretation of section 222 has resulted in the creation of two classes of new car agency employees, *i.e.,* those who work for an independently owned and operated dealership, such as Star Lincoln-Mercury, and those who work for a dealership, such as Patmon, owned or substantially controlled by an automobile manufacturer.

This question was also examined in *Woodrum.* Based on similar facts, this court held that a differentiation in treatment, assuming all other requirements of section 222 were met, served a reasonable government interest and was therefore permissible. The dissimilar treatment does not "result from an arbitrary, capricious or improper distinction," but rather "from a proper construction of the pertinent statute * * *." At 833. In sum, the distinction results from section 222 itself, and not from the Secretary's interpretation or application of that section.

There is no doubt that this action, in all relevant respects, is identical to *Woodrum.* Thus, under *stare decisis, Woodrum* is controlling. Accordingly, the court concludes that the Secretary of Labor's denial of certification is supported by substantial evidence and in accordance with law. The Secretary's determination is therefore affirmed.