PAUL HEDGPETH, PLAINTIFF *v.* RAYMOND J. DONOVAN, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, DEFENDANT

Court No. 81-2-00232

Before RE, *Chief Judge.*

(Decided December 7, 1983)

*Paul Hedgpeth, pro se.*
*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch; (*Sheila N. Ziff*) for defendant.

RE, *Chief Judge:* Plaintiff, on behalf of the former employees of Bitner Lincoln Mercury, El Cajon, California (Bitner), challenges the Secretary of Labor's denial of certification of eligibility for worker adjustment assistance under the Trade Act of 1974. 19 U.S.C. §§ 2101–2487 (1976 and Supp. V. 1980). In substance, the Secretary found that plaintiff and his fellow employees were service workers employed by a firm that did not produce an article adversely impacted by increased imports within the meaning of section 222(3) of the Trade Act of 1974, 19 U.S.C. § 2272(3)(1976).

Plaintiff and two other workers at Bitner filed a petition, dated October 8, 1980, with the Department of Labor's Office of Trade

Adjustment Assistance (OTAA) seeking certification for worker adjustment assistance benefits. OTAA returned the petition stating that service workers generally are ineligible for adjustment assistance. Nevertheless, certification would be available to service workers if they are employed by a firm producing and import-impacted article or by a firm owned by such firm, and they provide services necessary for the production of the import-impacted article. Plaintiff's petition failed to satisfy those conditions. Therefore, the Secretary denied certification and returned the petition.

Plaintiff then sought reconsideration of the Secretary's determination alleging that the sale and servicing of new cars by automobile dealerships is an integral part of the automobile production process. The Secretary rejected plaintiff's contention stating that an independently owned and operated franchised automobile dealership, such as Bitner, did not satisfy the requirements of section 222(3) of the 1974 Act in that Bitner did not produce an article adversely affected by increased imports. On that basis, and finding no new grounds for reconsideration, the Secretary again denied certification.

Subsequently, on November 20, 1980, plaintiff instituted this action seeking judicial review of the Secretary's final determination under section 284(a) of the Trade Act of 1974, 19 U.S.C. § 2395(a) (Supp. V 1980). The gravamen of plaintiff's action is that sales and service workers at local automobile dealerships are as necessary to the production process for new Lincoln-Mercury cars as Ford Motor Company's factory level employees. Plaintiff submits that both perform work essential to the final delivery of the import-impacted automobiles to the general public. Therefore, plaintiff contends that the Secretary incorrectly interpreted the term "produced", as used in section 222(3), to apply only to those factory level workers who manufacture and assemble the import-impacted article.

After reviewing the administrative record, the court ordered defendant to show cause why an order should not be entered herein, pursuant to section 284(b) of the Trade Act of 1974, 19 U.S.C. § 2395(b), 28 U.S.C. § 1585 and § 2643(c)(1), remanding this action to the Secretary for reconsideration in light of this court's decision in *Woodrum* v. *Donovan,* 4 CIT 46, 544 F. Supp. 202 (1982), *reh'g denied,* 4 CIT 130 (1982). In *Woodrum,* this court held that the provisions of section 221(a) of the 1974 Act required the Secretary to publish notice of receipt of a properly filed petition and to investigate the petition.

Based on *Woodrum,* defendant consented to the entry of an order remanding this action to the Secretary for further proceedings. The action was remanded to the Secretary of Labor on October 5, 1982.

In compliance with the court's order, the Secretary published the required notice, 47 Fed. Reg. 44636 (1982), conducted an investiga-

tion, and on December 27, 1982, submitted a redetermination and supplemental administrative record.

The Secretary's investigation disclosed that plaintiff was engaged in the preparation and servicing of new automobiles prior to their retail sale, that plaintiff performed warranty service on those cars after their retail sale, and that these activities were standard operating practice for automobile dealerships. The investigation further disclosed that plaintiff's employing firm, Bitner, was an independently owned and operated automobile dealership and that neither the Ford Motor Company nor any of its divisions owned or exercised any control over the dealership. On that basis, the Secretary concluded that plaintiff was a service worker employed by a firm that did not produce an article within the meaning of section 222(3), 47 Fed. Reg. 49116 (1982), and thus denied plaintiff's petition for certification of eligibility for benefits.

The ownership of Bitner Lincoln Mercury and the nature of the work performed there by plaintiff and his co-workers are not in dispute. The question presented, therefore, is whether, in finding that plaintiff was not eligible for benefits because his employing firm did not produce an article adversely affected by increased imports, the Secretary correctly interpreted and applied section 222(3). Upon reviewing the original and supplemental administrative records, it is the determination of the court that the Secretary's denial of certification is supported by substantial evidence and in accordance with law.

The Secretary is required to certify a petitioning group of workers as eligible for trade adjustment assistance benefits if he determines:

> (1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,
> (2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and
> (3) that increases of imports of articles like or directly competitive with articles *produced* by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production. [Emphasis added.]

* * * * * * *

Trade Act of 1974, § 222, 19 U.S.C. § 2272 (1976).

This court recently held that the Secretary properly construed section 222(3) to exclude from its coverage workers at service firms, such as independently owned and operated automobile dealerships. *Woodrum* v. *Donovan,* 5 CIT 191, 564 F. Supp. 826 (1983), appeal docketed, No. 84–651 (Fed. Cir. Dec. 1, 1983); *Miller* v. *Donovan,* 6 CIT 67, 568 F. Supp. 760 (1983).

In *Woodrum,* plaintiffs on behalf of former automobile dealer sales and service employees, challenged a determination by the Secretary of Labor denying them certification of eligibility for benefits under the worker adjustment assistance program of the Trade Act of 1974. In substance, the Secretary found that plaintiffs, as employees of independently owned automobile dealerships, were service workers employed by a firm that did not produce an article adversely affected by increased imports within the meaning of section 222(3). Plaintiffs claimed that, regardless of the nature of their work, the court should consider them as part of the production process because their labor was essential to the delivery of the end product, a new Chrysler automobile. Plaintiffs further claimed that they actually performed installation and assembly procedures which were a necessary part of the production process.

This court, relying on *Pemberton* v. *Marshall,* 639 F.2d 798(D.C. Cir. 1981), rejected plaintiffs' contentions and stated that "production under section 222(3) requires the manufacture or creation of something tangible. The *Pemberton* test is whether the workers in question transformed articles into new and different articles." *Woodrum,* 564 F. Supp. at 831. Finding that the *Woodrum* plaintiffs failed to meet the *Pemberton* test, this court affirmed the Secretary's denial of certification of eligibility for benefits under the worker adjustment assistance program.

A careful review of the administrative record in the present case discloses that:

—Bitner is a franchise dealer operating independently of Ford Motor Company or any of its divisions;
—plaintiff services new Lincoln-Mercury cars both before and after retail sale; and
—much of this servicing includes warranty work performed on behalf of Ford Motor Company, which reimburses Bitner for that work.

It is plaintiff's principal contention that the warranty work constitutes a continuation of the assembly process and satisfies the "production" requirement of section 222(3).

There is no question that the facts in this case are similar in all respects with those in *Woodrum* and *Miller.* Although plaintiff worked on tangible articles, by his own admission, that work consisted of "servicing," *e.g.,* warranty work for new Lincoln-Mercury cars. It is evident that under the *Pemberton* test, plaintiff's labors did not result in the creation or transformation of those cars into a new end product. The record does not support plaintiff's contention that the performance of warranty work is a continuation of the assembly or manufacturing process and thus constitutes "production" under section 222(3). In view of the similarity of facts and the legal issues presented, it cannot be questioned that under the doctrine of *stare decisis, Woodrum* and *Miller* are controlling.

It is the holding of this court that the Secretary of Labor's denial of certification is supported by substantial evidence and in accordance with law. Accordingly, the Secretary's determination is affirmed, and plaintiff's action is dismissed.